UNITED STATES DISTRICT COURT
SOUTHISN DISTRICT OF FLORIDA

CASE NO. 25-CR-20142-2-ALTMAN/LETT

UNITED STATES OF AMERICA,

v.

CARLOS MIGUEL RODRIGUEZ MELENDEZ,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

    This matter is before the Court upon the Honorable Roy K. Altman's Order of Referral [ECF No. 39] to conduct a Change of Plea Hearing for Defendant Carlos Miguel Rodriguez Melendez ("Defendant") in this case. The Court having conducted the Change of Plea Hearing ("Hearing") on June 23, 2025 to determine whether Carlos Miguel Rodriguez Melendez has knowingly and voluntarily entered a guilty plea, **RECOMMENDS** that Defendant's change of plea be accepted for the following reasons:

    1.    The Court convened a hearing to permit Defendant to enter a change of plea. The Hearing was conducted with the use of a Spanish interpreter, which is the Defendant's native language, and the Defendant indicated he was able to understand the proceedings with the assistance of the interpreter. At the outset of the Hearing, Defendant was advised of his right to have these proceedings conducted by the district judge assigned to his case. Defendant, his attorney, and the Government all consented on the record to the undersigned conducting the Hearing. Additionally, it

1

was explained that the district judge assigned to this case would be the sentencing judge who will conduct the sentencing hearing, make all findings and rulings concerning Defendant's sentence, and decide whether to accept the Government's recommendations as to sentencing.

2. The undersigned inquired into whether Defendant had ever been treated for mental health or addiction issues, and whether he was under the influence of any prescribed or proscribed substances at the time of the Hearing. Defendant denied having any past or current addiction or mental health issues that would render him unable to understand the proceedings. Defendant stated he was able to fully understand the proceedings. Based on Defendant's responses to these inquires, as well as counsel for the Government and counsel for the Defendant's agreement that Defendant was competent to proceed, the Court determined Defendant was competent to understand the proceedings and enter a knowing and voluntary plea.

3. The Court conducted a plea colloquy in accordance with the outline set forth in the Bench Book for District Judges, and in accordance with Federal Rule of Criminal Procedure 11.

4. Defendant pled guilty solely to Count 1 of the Indictment [ECF No. 3], which charges him with Conspiracy to Commit Wire Fraud in violation of Title 18, United States Code, Section 1349. I advised Defendant that the maximum penalty the Court could impose for Count 1 of the Indictment is 20 years imprisonment, followed by term of supervised release of up to 3 years. In addition to any term of imprisonment, the Court may also impose a fine of up to $250,000 or twice the gross

gain or twice the gross loss and may order restitution. The Court will impose a special assessment or court costs in the amount of $100, which Defendant has agreed is due to be paid at the time of sentencing. Defendant was also advised of the possibility of forfeiture and the potential for immigration consequences, including deportation. Defendant acknowledged that he understood the possible maximum penalties that could be imposed in the case.

5. To set forth the factual basis for the entry of the plea, the Government proffered the facts it would have established at trial, memorialized in a written Factual Proffer. *See* ECF No. 43. The Government established all the essential elements of the crime to which Defendant is pleading guilty. The Court reviewed with Defendant the Government's factual proffer, to assure that a factual basis for the entry of the plea exists. Defendant assented to the accuracy of the proffer. Defense counsel agreed that the proffer satisfied all elements of the crime charged. *Id.*

6. Defendant acknowledged that he reviewed the Indictment, discussed the charges against him with his attorney, and had a full opportunity to discuss the facts of the case with his attorney. The Parties entered into a written Plea Agreement that was thereafter filed with the Court. *See* ECF No. 44.

7. I further reviewed the Plea Agreement in detail on the record and Defendant acknowledged that he had reviewed the entire agreement with counsel, in Spanish, before he signed it. Defendant acknowledged that he is satisfied with his attorney, the representation that he has received, and that he has had a full

opportunity to discuss all facets of his case – including reviewing discovery and discussing potential suppression motions – with his attorney.

8. In Paragraph 10 of the Plea Agreement, Defendant and the Government agree to jointly recommend that the Court make certain findings and conclusions as to the sentence to be imposed. Once such term is that the Defendant will pay restitution in the amount of $5,000 in U.S. currency. The Court reviewed with Defendant these sections of the Plea Agreement, and Defendant indicated he understood these provisions.

9. Pursuant to Paragraphs 12 and 13 of the Plea Agreement, Defendant agreed to waive all rights conferred by 18 U.S.C. § 3742 and 28 U.S.C. § 1291, including the right to assert any claim that the statute to which Defendant pleaded to is unconstitutional and/or that the admitted conduct does not fall within the scope of the statutes of conviction. I reviewed these paragraphs of the Plea Agreement with Defendant, who agreed that he would waive these constitutional and appellate challenges in this matter. The Court determined that this was a knowing and voluntary waiver of these particular rights as part of the plea agreement.

10. Based upon all the foregoing and the plea colloquy conducted by this Court, the undersigned finds that Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offenses.

11.     A pre-sentence investigation report is being prepared for the District Court by the United States Probation Office. Sentencing will be set by separate order before District Judge Roy K. Altman.

## CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that Defendant's guilty plea be accepted, Defendant be adjudicated guilty as to Count 1 of the Indictment to which he has entered a plea of guilty, and that a sentencing hearing be conducted for final disposition of this matter.

Objections to this Report and Recommendation may be filed with the district judge within **three (3) days** of receipt of a copy of the Report. Failure to timely file objections waives a party's right to review issues related to Defendant's plea under Fed. R. Crim. P. 11 before the District Judge or the Court of Appeals. *See* Fed. R. Crim. P. 59(b)(1), (2); 11th Cir. R. 3-1; *Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020); 28 U.S.C. § 636(b)(1)(C). If the parties do not intend to object, the parties shall file a Notice of Non-objection to the Report and Recommendation on Change of Plea within the same three (3) day deadline.

**SIGNED** this 23rd day of June, 2025.

_____
ENJOLIQUÉ A. LETT
UNITED STATES MAGISTRATE JUDGE

cc:     **United States District Judge Roy K. Altman**
**All Counsel of Record**

5